UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| APRIL MARIE CASE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-00032 ) CHIEF JUDGE CRENSHAW |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

# ORDER

Before the Court is a Report and Recommendation from the Magistrate Judge, recommending the Court affirm the final decision of the Commissioner. (Doc. No. 21.) Plaintiff filed timely objections (Doc. No. 22), to which the Commissioner did not respond. After a de novo review, the Report and Recommendation is **ADOPTED**.

Plaintiff believes she qualifies for Listing 12.05(C), thereby entitling her to benefits. (Doc. No. 22.) To demonstrate that she qualifies for Listing 12.05(C), Plaintiff must prove (1) significantly sub-average general intellectual functioning; (2) deficits in adaptive functioning; and (3) onset before age twenty-two. Smith-Johnson v. Comm'r of Soc. Sec., 579 F. App'x 426, 432 (6th Cir. 2014) (citing 20 C.F.R. Pt. 404, App. 1, § 12.05). Plaintiff must also prove that she has a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function. Id. (citing 20 C.F.R. Pt. 404, App. 1, § 12.05).

The Administrative Law Judge found that Plaintiff did not have "significant deficits in adaptive functioning manifested before age 22." (Doc. No. 14 at 17.) The ALJ noted that Plaintiff

could read, write, and count change, has a driver's license and drives alone regularly, goes grocery shopping, cleans her room, and does her own laundry. (Id.) Therefore, the ALJ found that Plaintiff did not meet the criteria to receive benefits under Listing 12.05(C). The Magistrate Judge recommended that substantial evidence supported the ALJ's findings. (Doc. No. 21 at 7.)

"Adaptive functioning includes a claimant's effectiveness in areas such as social skills, communication, and daily living skills." West v. Comm'r Soc. Sec. Admin., 240 F. App'x 692, 698 (6th Cir. 2007) (citing Heller v. Doe by Doe, 509 U.S. 312, 329 (1993)). Adaptive skills limitations are defined as "[c]oncurrent deficits or impairments . . . in at least two of the following areas: communication, self-care, home living, social/interpersonal skills, use of community resources, functional academic skills, work, leisure, health, and safety." Hayes v. Comm'r of Soc. Sec., 357 F. App'x 672, 677 (6th Cir. 2009) (quoting Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders, 49 (4th ed. 2000). Plaintiff argues her social/interpersonal skills are limited, as is her self-car, home living, and functional academic skills. (Doc. No. 22 at 2.)

The ALJ, citing Plaintiff's own functioning reports, found that Plaintiff is "independent" with personal care, has moderate difficulties in social functioning, and moderate difficulties in concentration and with more complex instructions. (Doc. No. 14 at 16-17.) However, Plaintiff must have "relatively significant deficits to satisfy the Listing," and the ability to perform basic tasks militate against a disability finding. Robinson v. Comm'r of Soc. Sec., No. 2:13-cv-530, 2014 WL 3419309, at *8 (S.D. Oh. July 10, 2014) (citing West, 240 F. App'x at 698-99). Ultimately, substantial evidence supports the ALJ's findings that Plaintiff does not have "relatively significant deficits," and therefore the final decision of the Commissioner must be affirmed.

Accordingly, the Report and Recommendation (Doc. No. 21) is **ADOPTED**. Plaintiff's Motion for Judgment on the Record (Doc. No. 18) is **DENIED**, and the final decision of the Commissioner is **AFFIRMED**. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE